**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**

*(Electronically Filed)*

| | |
|---|---|
| HI-TECH PHARMACEUTICALS, INC., )<br>)<br>Plaintiff )<br>)<br>vs. )<br>)<br>PRIME HYDRATION LLC, )<br>)<br>Defendant ) | Civil Action No.: 3:24-CV-374-GNS<br>Chief Judge Greg N. Stivers<br>Nationwide Relief Sought |

**COMPLAINT**

Plaintiff Hi-Tech Pharmaceuticals, Inc. ("Hi-Tech"), by and through its counsel, for its Complaint against Defendant, Prime Hydration LLC ("Defendant Prime"), allege as follows:

**INTRODUCTION**

1. This is an action for infringement of Hi-Tech's trademark PRIME NUTRITION; for unfair competition and false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); and for substantial and related claims of infringement and unfair competition under the statutory and common laws of the Commonwealth of Kentucky and any other states where Defendant Prime offers infringing products for sale; arising from the Defendant Prime's unauthorized use of the marks "PRIME HYDRATION", "PRIME HYDRATION+", "PRIME ENERGY" and variations thereof, in connection with Defendant Prime's infringing products.

2. Hi-Tech seeks, *inter alia*, damages and injunctive relief.

**THE PARTIES**

3. Hi-Tech is a corporation organized and existing under the laws of the State of Georgia, with its principal place of business located at 6015-B Unity Drive, Norcross, Georgia 30071.

4. Defendant Prime is a Delaware limited liability company with a principal place of business at 13551 Triton Park Blvd, Louisville, Kentucky 40223.

5. On information and belief, Defendant Prime sells the products PRIME HYDRATION, PRIME HYDRATION+ and/or PRIME ENERGY in and into the Western District of Kentucky and throughout the United States.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 (federal question), 1332 (diversity), 1338 (trademarks and unfair competition), and 15 U.S.C. § 1121 (Lanham Act claims), because this case involves a federal question, is between citizens of different states and the amount in controversy, exclusive of interest and costs, exceeds $75,000.00.

7. Pursuant to 28 U.S.C. § 1367, this Court also has supplemental jurisdiction over Hi-Tech's claims arising under the laws of the Commonwealth of Kentucky, as those claims are substantially related to the causes of action over which this Court has original jurisdiction.

8. This Court has personal jurisdiction over Defendant Prime because Defendant Prime's principal place of business is in Louisville, Kentucky, it regularly transacts and solicits business in the Western District of Kentucky; it has committed the tortious acts of trademark infringement and unfair competition within this District.

9. Venue is proper under 28 U.S.C. § 1391(b)(1), in that Defendant Prime resides in this district, and 28 U.S.C. § 1391(b)(2), in that a substantial part of the events or omissions giving rise to the claim occurred in this district.

## BACKGROUND FACTS

### Hi-Tech's Trademarks and its Prime Nutrition Products

10. Hi-Tech is a cutting-edge sports supplement company which provides high-quality dietary supplement products throughout the United States.

11. Hi-Tech is the owner of all rights in the federal trademark PRIME NUTRITION for nutritional supplements. Federal Registration No. 4,749,320 issued on June 2, 2015 ("the '320 Registration"). A copy of the registration is attached as EXHIBIT A.

12. On July 12, 2023, Hi-Tech filed the trademark application U.S. Serial No. 9,8083,527 ("the '527 Application") for PRIME NUTRITION in the category of "energy drinks with caffeine, powders for making energy drinks; sports drinks containing electrolytes, sport drinks, namely, energy drinks." (together with the trademark which is the subject of the '320 Registration, the "PRIME NUTRITION Marks"). Hi-Tech cited ownership of the '320 Registration in the '527 Application.

13. Hi-Tech is committed to protecting its intellectual property rights, reputation and brand recognition in the marketplace.

14. Hi-Tech manufactures, sells and distributes dietary and nutritional supplements under its PRIME NUTRITION Marks throughout the United States, including on the website: https://hitechpharma.com/collections/prime-nutrition ("PRIME NUTRITION PRODUCTS"). Examples of the PRIME NUTRITION PRODUCTS promoted and sold are attached as EXHIBITS B through D.

15. The PRIME NUTRITION PRODUCTS are designed and promoted to, *inter alia*, increase muscle strength, expand endurance, improve recovery, boost energy and/or enhance hydration.

16. As a result of its extensive promotional efforts and sales, Hi-Tech has built up significant value and goodwill in its PRIME NUTRITION Marks and related intellectual property in association with the PRIME NUTRITION PRODUCTS. As a result, consumers have come to identify and associate the PRIME NUTRITION Marks with Hi-Tech as the exclusive source of the commercial goods.

**Defendant Prime and the Prime Products**

17. In or about early 2022, Defendant Prime began labelling, advertising, and selling several products with the term "PRIME" which are confusingly similar to the PRIME NUTRITION PRODUCTS.

18. Defendant Prime sells PRIME HYDRATION, PRIME HYDRATION+ and PRIME ENERGY (collectively, "PRIME HYDRATION PRODUCTS") on the website https://drinkprime.com/, on third party retail sites as well as in brick-and-mortar stores, such as CVS. Examples of the PRIME HYDRATION PRODUCTS being promoted and sold are set forth in EXHIBITS E and F.

19. Defendant Prime has received federal registrations for several trademarks associated with the PRIME HYDRATION PRODUCTS, including PRIME HYDRATION, Registration No. 6,892,538 (sports drinks); PRIME HYDRATION, Registration No. 7,197,040 (powders for sports drinks); and PRIME ENERGY, Registration No. 7,076,880 (collectively, "DEFENDANT PRIME'S REGISTRATIONS").

20. Defendant Prime also filed trademark applications for DRINKPRIME, Application Serial No. 97,903,888, filed April 24, 2023 (for energy drinks); PRIME HYDRATION+, Application Serial No. 98,248,287, filed October 31, 2023 (powders for sports drink); PRIME HYDRATE, Application Serial No. 97,012,187, filed September 3, 2021 (powers for sports drinks): and PRIME (stylized/design), Application Serial No. 97,689,601, filed November 23, 2022 (nutritional supplements) (collectively, "DEFENDANT PRIME'S APPLICATIONS").

**Defendant Prime's Infringement of Hi-Tech's Trademarks**

21. Hi-Tech's PRIME NUTRITION Marks have been in use for approximately ten years in connection with the promotion and sale of highly successful dietary supplement products and are therefore exceedingly strong. Both THE PRIME NUTRITION PRODUCTS and the PRIME HYDRATION PRODUCTS are two words marks which sound similar and begin with the

4

word PRIME as the dominant feature and are therefore easily confused when the products are compared. The goods are similar or complementary in terms of purpose and/or function and considered related for likelihood of confusion purposes. The goods are also offered for sale and sold in the same or similar channels. On information and belief, there have been instances of actual confusion.

22. On August 9, 2023, Hi-Tech sent counsel for Defendant Prime a letter demanding, *inter alia*, that it immediately cease and desist from offering for sale and selling the infringing products labelled, advertised, offered for sale and sold as PRIME HYDRATION, PRIME HYDRATION+ and PRIME ENERGY; however, Defendant Prime continued its infringing conduct.

## COUNT I

### Trademark Infringement under 15 U.S.C. § 1125(a)

23. Hi-Tech incorporates by reference paragraphs 1-22 as though fully set forth herein.

24. Due to the similarities between the PRIME NUTRITION Marks, on the one hand, and PRIME HYDRATION, PRIME HYDRATION+ and PRIME ENERGY, on the other hand, coupled with the relatedness of the goods upon which these marks are used, consumers encountering the marks are likely to be confused.

25. Defendant Prime's infringement capitalizes upon the goodwill of Hi-Tech's PRIME NUTRITION Marks and damages their value by confusing, and thus harming, consumer perception of Hi-Tech's PRIME NUTRITION PRODUCTS.

26. Defendant Prime had actual knowledge of Hi-Tech's priority of use before and/or during the use of the confusingly similar trademarks but proceeded to and continues to willfully infringe on Hi-Tech's mark.

27. Defendant Prime's use of the infringing trademarks does, and is likely to, cause confusion, mistake, and deception amongst consumers in violation of 15 U.S.C. § 1125(a).

28. Per 15 U.S.C. § 1117(a), Hi-Tech should be awarded its actual damages, costs and attorney fees, and Defendant Prime's profits derived from its infringing activities. In addition, because Defendant Prime is engaging in its infringing activities knowingly and willfully, Hi-Tech should be awarded three times its damages, or three times Defendant Prime's profits from its infringement, whichever amount is greater.

29. Hi-Tech has been and continues to be damaged by Defendant Prime's infringing conduct and is therefore entitled to both monetary and injunctive relief.

## COUNT II

### Kentucky Common Law Unfair Competition

30. Hi-Tech incorporates by reference above Paragraphs 1-22 as though fully set forth herein.

31. Defendant Prime has unfairly profited in Kentucky by using, in Kentucky, Hi-Tech's Mark or a mark or marks similar thereto, in such a way that exploits Hi-Tech's goodwill.

32. By using Hi-Tech's Marks or similar marks, Defendant Prime has unfairly taken Hi-Tech's business and impaired Hi-Tech's goodwill.

33. Defendant Prime directly competes with Hi-Tech by selling identical products.

34. Defendant Prime's infringing conduct, as set forth above, constitutes unfair competition in violation of the common law of the Commonwealth of Kentucky, in that Defendant Prime with intent has caused and continues to cause a likelihood of confusion, mistake, or misunderstanding as to the source or origin of Defendant Prime's goods and services.

35. To the extent Defendant Prime was not already aware of the PRIME NUTRITION Marks, on or about August 9, 2023, its infringement thereof became willful, thus warranting an award of punitive damages under Ky. Rev. Stat. § 411.186.

36. As a direct and proximate result of Defendant Prime's conduct, Hi-Tech has suffered damages to the goodwill and reputation of the PRIME NUTRITON Marks, as well as ascertainable damages in the form of diverted or lost sales, in an amount to be determined at trial.

37. Defendant Prime's infringement has caused and will continue to cause damage to Hi-Tech unless restrained.

38. Hi-Tech is entitled to, among other relief, injunctive relief, actual damages, Defendants' profits, punitive and exemplary damages under Ky. Rev. Stat. 411.184(2), reasonable attorneys' fees, and costs of the action.

## COUNT III

**Cancellation of Federal Trademark Registration per 15 U.S.C. § 1119
And Abandonment of Federal Trademark Applications**

39. Hi-Tech incorporates by reference above Paragraphs 1-22 as though fully set forth herein.

40. Defendant Prime has received federal trademark registrations for DEFENDANT PRIME'S REGISTRATIONS and has filed federal applications for DEFENDANT PRIME'S APPLICATIONS.

41. The trademarks that are the subject of these registrations and applications are confusingly similar to Hi-Tech's PRIME NUTRITION Marks.

42. Hi-Tech began using one or more of the PRIME NUTRITION Marks prior to these registrations and applications.

43. As such, DEFENDANT PRIME'S REGISTRATIONS should be canceled and DEFENDANT PRIME'S APPLICATIONS should be rejected and/or expressly abandoned due to the likelihood of confusion, 15 U.S.C. § 1125(a).

## PRAYER FOR RELIEF

WHEREFORE, Hi-Tech prays for judgment against Defendant Prime as follows:

1. That Defendant Prime be adjudged to have violated 15 U.S.C. § 1125(a) by using one or more of the infringing trademarks.

2. That Hi-Tech be awarded damages as a consequence of Defendant Prime's conduct, including without limitation, all actual damages sustained by Hi-Tech, or profits Defendant Prime obtained by using one or more of the infringing trademarks.

3. That all of Defendant Prime's confusing, misleading, and deceptive goods and materials be destroyed as permitted under 15 U.S.C. § 1118.

4. For an order requiring Defendant Prime to destroy all tangible items bearing the infringing product names, including without limitation: labels, packaging, brochures, flyers, advertisements, and signs (and to recall for such purpose any such products and materials in the possession, custody, or control of any other person or entity) and to remove any reference to the infringing product names from all websites over which it has a controlling influence.

5. For injunctive relief prohibiting Defendant Prime, its agents, subsidiaries, affiliates and related entities from using any trademark confusingly similar to Hi-Tech's trademarks.

6. That Defendant Prime's infringement be adjudged to constitute deceptive, unfair, and unlawful practices under the common law of Kentucky.

7. That Defendant Prime be found to have knowingly and willfully infringed the registered trademark and judgment be entered against Defendant Prime in the amount of three times the damages, together with attorneys' fees, per 15 U.S.C. § 1117(a).

8. That Defendant Prime's trademark registrations be cancelled under 15 U.S.C. § 1119 and trademark applications be rejected and expressly abandoned.

9. That Hi-Tech recover punitive damages.

10. That Hi-Tech recover costs and reasonable attorneys' fees.

11. That Hi-Tech be granted prejudgment and post judgment interest.

12. That Hi-Tech be granted such further relief as the Court deems just and proper.

## JURY TRIAL DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure and all applicable law, Hi-Tech requests a trial by jury on all issues so triable.

Dated: June 21, 2024

Respectfully submitted,

*s/ Robert J. Theuerkauf*
Robert J. Theuerkauf
**GRAY ICE HIGDON, PLLC**
3939 Shelbyville Road, Suite 201
Louisville, KY 40207
Phone: (502) 677-4729
rjt@grayice.com

-and-

Gregory L. Hillyer (to be admitted *pro hac vice*)
Nicholas J. Sullivan (to be admitted *pro hac vice*)
**HILLYEAR LEGAL, PLLC**
5335 Wisconsin Avenue, N.W.
Suite 440
Washington, D.C. 20015-2052
Phone: (202) 686-2884
Fax: (202) 686-2877
ghillyer@hillyerlegal.com
nsullivan@hillyerlegal.com
*Counsel for Plaintiff,*
*Hi-Tech Pharmaceuticals, Inc.*