UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:24-CV-00374-GNS

HI-TECH PHARMACEUTICALS, INC.                                    PLAINTIFF

v.

PRIME HYDRATION LLC                                              DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court is Defendant's Partial Motion to Dismiss (DN 19).  The motion is ripe for adjudication.

## I.    BACKGROUND

Plaintiff Hi-Tech Pharmaceuticals, Inc. ("Hi-Tech") alleges that Defendant Prime Hydration LLC ("Prime") infringed its trademark "PRIME NUTRITION" by selling products bearing the marks "PRIME HYDRATION," "PRIME HYDRATION+," and "PRIME ENERGY." (Compl. ¶ 1, DN 1).  Hi-Tech sells sports supplements under its registered mark "PRIME NUTRITION." (Compl. ¶¶ 10-11).  Prime markets and sells sports drinks with registered marks "PRIME HYDRATION" and "PRIME ENERGY" and has applied for registration of the marks "DRINKPRIME," "PRIME HYDRATION+," and "PRIME." (Compl. Ex. E, at 2-14, DN 1-6; Compl. ¶¶ 19-20).  In the Complaint, Hi-Tech asserts claims based on three theories:  trademark infringement (Count I); unfair competition under Kentucky state law (Count II); and cancellation of registrations and abandonment of trademark applications (Count III).  (Compl. ¶¶ 23-43).

Prime moves pursuant to Fed. R. Civ. P. 12(b)(1) to dismiss Count III, which alleges that Prime's registered marks should be cancelled and pending applications for registration should be

1

rejected and/or abandoned pursuant to 15 U.S.C. § 1119.  (Def.'s Partial Mot. Dismiss, DN 19); Compl. ¶¶ 39-43).

## II.    STANDARD OF REVIEW

Under Fed. R. Civ. P. 12(b)(1), a "party may move to dismiss a claim for lack of subject-matter jurisdiction by raising a facial attack or a factual attack."  *Gonzalez v. Offutt*, No. 1:23-CV-547, 2024 WL 2847962, at *1 (S.D. Ohio June 5, 2024) (citing *Golden v. Gorno Bros.*, 410 F.3d 879, 881 (6th Cir. 2005)).  A facial attack "questions merely the sufficiency of the pleading" while a factual attack "raises a factual controversy . . . ."  *Gentek Bldg. Prods., Inc. v. Sherwin-Williams Co.*, 491 F.3d 320, 330 (6th Cir. 2007) (citations omitted).  Here, Defendant brings a facial attack, so its motion is reviewed by this Court "tak[ing] the allegations in the complaint as true . . . ."  *Ohio Nat'l Life Ins. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990).  "Having invoked the jurisdiction of the federal courts, however, it is the plaintiff's burden to demonstrate that jurisdiction is proper."  *Cob Clearinghouse Corp. v. Aetna U.S. Healthcare, Inc.*, 362 F.3d 877, 881 (6th Cir. 2004) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992)).

## III.    DISCUSSION

### A.    The Lanham Act

Under the Lanham Act, district courts are empowered to "rule directly on the validity of a [trademark] registration . . . ."  *CFE Racing Prods., Inc. v. BMF Wheels, Inc.*, 793 F.3d 571, 593 (6th Cir. 2015); *see* 15 U.S.C. § 1121(a) (courts have original jurisdiction over actions arising under the Lanham Act).  The Lanham Act provides that "in any action involving a registered mark the court may determine the right to registration, order the cancelation of registrations, in whole or in part, restore canceled registrations, and otherwise rectify the register with respect to the registrations of any party to the action."  15 U.S.C. § 1119.

In in *Continental Connector Corp. v. Continental Specialties Corp.*, 413 F. Supp. 1347 (D. Conn. 1976), the court held that courts are permitted to adjudicate "an application for a registration as long as the applicant was a party to the lawsuit and the application was for a mark sufficiently related[1] to a registered mark over which the court had jurisdiction." *Somera Cap. Mgmt., LLC v. Somera Rd., Inc.*, No. 19 Civ. 8291 (GHW) (GWG), 2020 WL 2506352, at *5 (S.D.N.Y. May 15, 2020) (citing *Cont'l Connector Corp.*, 413 F. Supp. at 1348-49). In determining whether marks are sufficiently related, the court may consider the similarity of the product line for which the mark is used and the marks themselves. *See Rudy Green, Inc. v. PetSmart, LLC*, No. 3:24-CV-322-RGJ, 2024 WL 4425747, at *4 (W.D. Ky. Oct. 4, 2024). The holding in *Continental Connector Corp.* "has been recognized as an exception to the 'general rule . . . . that a court lacks subject matter jurisdiction to cancel a pending trademark application that has yet to mature into a registration.'" *Nutramax*, 2022 WL 798348, at *3 (citation omitted).

The *Continental Connector Corp.* exception consists of two parts: first, that the applicant is a party to a lawsuit involving a registered mark; and second, that the applied-for mark is sufficiently related to a registered mark. If both parts are satisfied, then the court may exercise jurisdiction over the pending trademark applications. If either or both parts are not satisfied, then the court does not have jurisdiction under Section 1119 over the applications.

Prime contends that Section 1119 only permits courts to act upon *registered* marks—not pending applications—thus the Court lacks subject matter jurisdiction as to the claim asserted in Count III, relying on *Buzz Seating, Inc. v. Encore Seating, Inc.*, No. 1:16-CV-1131, 2017 WL 2619340 (S.D. Ohio June 16, 2017). (Def.'s Mot. Dismiss 4-5 (citation omitted)). Hi-Tech

---

[1] In *Nutramax Laboratories, Inc. v. Capital Pharmaceutical, LLC*, No. 2:21-CV-3949, 2022 WL 798348 (S.D. Ohio Mar. 16, 2022), a sister court instead used the phrase "sufficiently close nexus", but the standard is the same. *Id.* at *3.

believes that the courts have not interpreted § 1119 as limiting its jurisdiction to registered marks, but that jurisdiction can extend to applications, citing *BBK Tobacco & Foods LLP v. Central Coast Agriculture, Inc.*, 97 F.4th 668 (9th Cir. 2024)a case from the Ninth Circuit.  (Pl.'s Resp. Def.'s Partial Mot. Dismiss 4, DN 23 (citation omitted)).  Hi-Tech distinguishes the facts in *Buzz Seating* from the circumstances here and further asserts that the *Continental Connector Corp.* exception applies, giving this Court jurisdiction over the applications in Count III.  (Pl.'s Resp. Def.'s Partial Mot. Dismiss 5-6 (citing *Cont'l Connector Corp.*, 413 F. Supp. 1347, 1351 (D. Conn. 1976))).  Neither party disputes that jurisdiction over Prime's two registered marks is proper.  In its reply, Prime reiterates its textual interpretation argument and emphasizes that Hi-Tech's cited authority is not binding precedent from this Circuit.  (Def.'s Reply Partial Mot. Dismiss 2-6, DN 24).  Prime further avers that even if the Sixth Circuit recognized the *Continental Connector Corp.* exception, it does not apply here as Hi-Tech has provided no evidence to support finding a sufficient nexus between the registered and applied-for marks.  (Def.'s Reply Partial Mot. Dismiss 6-7).

      **B.**      **Interpretation of Section 1119**

      Caselaw in the Sixth Circuit is not well-settled on this issue.  In *Buzz Seating*, the Court made a preliminary finding that Section 1119 "does not extend to give the Court jurisdiction over registration issues concerning unregistered trademarks."  *Buzz Seating*, 2017 WL 2619340, at *8.  The court relied on a treatise advocating that Section 1119 "'should not apply in cases in which *none* of the parties owns a federal trademark registration and there is, at best, an application for registration on file[,]' nor should it 'permit a court to cancel a pending trademark application.'"

*Id.* (citation omitted).   Ultimately, this unpublished decision, while directly on point, ordered supplemental briefing on this issue.  *Id.*

Precedent supporting the *Continental Connector Corp.* exception in the Sixth Circuit has been building.  For example, in *Nutramax Laboratories, Inc. v. Capital Pharmaceutical, LLC*, the parties presented essentially the same arguments concerning jurisdiction under Section 1119, and the court adopted and applied the *Continental Connector Corp.* exception.  *See Nutramax*, 2022 WL 798348, at *3.  In applying the *Continental Connector Corp.* exception, the court recognized that Section 1119 does not give courts jurisdiction to adjudicate applications.  *See id.* at *2.

Even more recently, in *Rudy Green, Inc. v. PetSmart, LLC*, this Court confronted *Buzz Seating* and *Nutramax* in the context of jurisdiction under Section 1119.  The Court found that *Buzz Seating* failed to provide "sufficient support" for the movant's objection to applying the *Continental Connector Corp.* exception and further distinguished *Buzz Seating* because neither party in that instance owned a registered mark.  *See Rudy Green*, 2024 WL 4425747, at *3.  In light of *Nutramax*, this Court found the reasoning of the *Continental Connector Corp.* exception to be persuasive and so adopted it.  *See id.*  Consistent with the decision in *Rudy Green*, the Court adopts the *Continental Connector Corp.* exception here.

### C.    Applying the *Continental Connect Corp.* Exception

Here, Prime owns two registered marks and Hi-Tech owns one registered mark.  (*See* Compl. ¶¶ 11, 19-20).  The pending applications deal with product lines similar to the registered mark:  Hi-Tech's registered mark is used in connection with nutritional supplements.  (Compl. ¶ 11; Compl. Ex. A, DN 1-1).  In comparison, Prime's pending applications are used, respectively, in connection with energy drinks ("DRINKPRIME"), sports drink powders ("PRIME HYDRATION+"), and nutritional supplements ("PRIME").  (Compl. ¶ 20; *see* Compl. Ex. E, DN

1-6; Compl. Ex. F, DN 1-7).  These product lines appear similar, as they are interrelated sports and energy drinks and nutritional supplements.  *See Rudy Green*, 2024 WL 4425747, at \*4 (finding the product line "pet food and treats" to be sufficiently similar to "rawhide chews for treats").

Further, the marks themselves are similar.  The pending applications and registered mark contain the same base mark "PRIME."  (*See* Compl. ¶¶ 11, 19-20).  Hi-Tech's registered mark is "PRIME NUTRITION" and Prime's pending applications are "DRINKPRIME," "PRIME HYDRATION+," and "PRIME."  (Compl. ¶¶ 11, 20).  Marks need not be identical to be sufficiently similar.  *See Rudy Green*, 2024 WL 4425747, at \*3 (citing *Nutramax*, 2022 WL 798348, at \*3; *Bd. of Regents of Univ. of Texas Sys. v. Reynolds*, No. 1:18-CV-182, 2019 WL 4980445 (W.D. Tex. July 31, 2019)).

The presence of different modifying terms and position of the base mark does not defeat the similarity of the mark and applications.  *Id.* at \*4 (finding the mark "RUDY'S" to be sufficiently similar to "CHEF RUDY'S" and "RUDY GREEN'S").  First, "DRINKPRIME" is sufficiently similar to "PRIME NUTRITION" because of the shared base mark, notwithstanding that "PRIME" is in the second position rather than first.  *See id.*  Second, "PRIME HYDRATION+" is sufficiently similar to "PRIME NUTRITION" as "PRIME" is in the first position in both marks.  *See id.*  Third, "PRIME" is sufficiently similar to "PRIME NUTRITION" because they share the same base mark in the first position, notwithstanding that "PRIME" stands alone.  *See id.* (citing *BBK Tobacco & Foods LLP v. Cent. Coast Agric., Inc.*, 97 F.4th 668 (9th Cir. 2024)).  Accordingly, Prime's pending applications are sufficiently similar to Hi-Tech's registered mark for this Court to exercise jurisdiction over Count III.

## IV.    <u>CONCLUSION</u>

For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendant's Partial Motion to Dismiss (DN 19) is **DENIED**.

Greg N. Stivers, Chief Judge
United States District Court

January 31, 2025

cc:    counsel of record